UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RICHARD EDELMAN                              )
608 North Rios Avenue                         )
Solana Beach, California 92075                )
                                              )
vs.                                           )     Case No. _____
                                              )
SECURITIES EXCHANGE COMMISSION                )
100 F Street, NE                              )
Washington, District of Columbia 20549        )

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.,* to obtain access to records in the possession of the Securities Exchange Commission ("SEC"). The records requested included information collected by the SEC from individuals and entities that are subject to SEC regulation, complaints that the SEC has received from the public regarding regulated entities, and information regarding actions that the SEC has taken or has not taken in response to public complaints. The information requested relates to the management of the Empire State Building ("ESB") and to the solicitation of proxies and consents to a proposal to create a Real Estate Investment Trust ("REIT") to include the ESB and seventeen other business entities located in New York City and Connecticut.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §1331. Venue is proper in this Court under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(b).

## PARTIES

3.      Richard Edelman resides in Solana Beach, California.  Among other things, Mr. Edelman operates a website, EmpireStateBuildingInvestors.com, that provides information to investors in the Empire State Building and journalists who write about the Empire State Building.  Mr. Edelman is a citizen of California.

4.      The Securities Exchange Commission is a U.S. government agency established for the purpose, among other things, of regulating securities issued to the public.  The SEC's headquarters are located in Washington, D.C.

## FACTS GIVING RISE TO PLAINTIFF'S CLAIMS FOR RELIEF

5.      Until October 13, 2013, the ESB was owned by 2,891 individual investors, each of whom had acquired a participation interest or interests in a partnership, the Empire State Building Associates ("ESBA"), which was formed in 1961.  The participation interests were sold in the early 1960s for $10,000 each, and most of the investors, now of advanced age, were people of moderate means.  The ESBA was converted to a limited liability company in 2001.

6.      The ESBA owned the ESB, but the building was operated and managed by another entity, the Empire State Building Company ("ESBC"), which was controlled by Malkin Holdings LLC.  Peter Malkin and Anthony Malkin, who own Malkin Holdings LLC, had conflicting duties, simultaneously serving as the managing agents of the ESBA and as the managing agents of the ESBC.

7.      Because ESBA's participation interests were publicly solicited, transactions regarding ESBA participation interests were regulated by the SEC.

8.      In 2010, the Malkins began a process leading to the consolidation of the ESB with seventeen business entities owning twelve other real estate properties in a REIT called the

Empire State Realty Trust, Inc. ("ESRT").  The process culminated in October 2013 with an IPO sale of securities issued by ESRT.  Owners of participation interests in the ESBA were required at that time to exchange their participation interests for securities of ESRT.  ESBA was then terminated.

9.      ESRT, the shares of which are publicly traded, is subject to SEC regulation.

10.     During the three years that the consolidation process was underway, Mr. Edelman posted information regarding SEC filings, press reports, and other information helpful to ESBA investors on the website he maintained, EmpireStateBuildingInvestors.com.  Mr. Edelman continues to operate the website as a service to the original ESBA investors and journalists.

11.     Mr. Edelman has included on his website a substantial amount of information obtained from the SEC's public website, called "Edgar," concerning the ESBA and the REIT proposal.  In addition, he has sought from SEC additional information that has not been publicly available through Edgar.

12.     Beginning on January 6, 2014, and extending through April 4, 2014, Mr. Edelman made six separate requests for SEC documents under the provisions of the FOIA.  The SEC has failed to provide a timely response to any of these requests.

13.     On January 6, 2014, Mr. Edelman submitted a request for the following information pertaining to ESRT (referred to as the registrant):   all comment letters from SEC staff not currently displayed on the SEC public website; all submissions from the registrant in response to SEC comment letters; all submissions from the registrant submitted under SEC Rule 83; all emails to and from the registrant and SEC attorneys David Orlick, Tom Kluck and Angela McHale; all notes from meetings pertaining to the registrant and which SEC attorneys David

Orlick, Tom Kluck or Angela McHale attended.  SEC acknowledged receipt of this request for communications with ESRT on January 6, 2014, and designated the request No. 14-03043-FOIA.

14.	On January 8, 2014, Mr. Edelman submitted a request for the following information pertaining to the Sublease between ESBA and ESBC:  all information or communications between SEC employees and Empire State Building Associates LLC or Empire State Realty Trust, Inc. and their representatives from 1/12/12 to 4/11/12 in which the Sublease for the Empire State Building is mentioned, including any and all emails from or to Mary Kosterlitz, Office of Enforcement Liaison, Tom Kluck, Division of Corporate Finance,  or any other SEC employee in which the ESB Sublease is mentioned; any notes from SEC meetings where the Sublease to the Empire State Building is mentioned; any notes from phone conversations or correspondence of any nature between the SEC and Empire State Building Associate LLC, Empire State Realty Trust LLC, or their representatives where the Sublease for the Empire State Building is mentioned; any and all exhibits filed by Empire State Building Associates LLC or Empire State Realty Trust LLC that reference the Sublease of the Empire State Building; all submissions from Empire State Building Associates LLC or Empire State Realty Trust, Inc. submitted under Rule 83 that mention the words Sublease or Lease to the Empire State Building. SEC acknowledged receipt of this request for documents related to the Sublease on January 8, 2014, and designated the request No. 14-03257-FOIA.

15.	On January 10, 2014, Mr. Edelman submitted a request for the following information pertaining to ESRT:   a list of any and all documents submitted by the registrant and granted confidential treatment under SEC rules Rule 406 of the Securities Act or Rule 24b-2 of the Exchange Act or Rule 83 of the Commission's Rules of Practice.  The request also asked for the date each such documents was submitted to the SEC, the subject of each document, and the name

of the SEC official granting confidential treatment. SEC acknowledged receipt of this request for confidential documents on January 10, 2014, and designated the request No. 14-03398-FOIA.

16. On January 15, 2014, Mr. Edelman submitted the following FOIA request:

> Consumer complaints.
> Dozens of investors in Empire State Building Associates LLC lodged complaints during the SEC review process for Empire State Realty Trust, Inc. These investors were interviewed by SEC lawyers by phone. The SEC lawyers who conducted the interviews were David Orlick, Tom Kluck and Angela McHale. I request all notes, reports, emails or any other accounts from these interviews with investors. I request all emails to and from the above named SEC lawyers where those complaints and interviews are discussed. I understand and expect the names of investors to be redacted to protect confidentiality.

17. SEC acknowledged receipt of this request for consumer complaints on January 15, 2014, and designated the request No. 14-03452-FOIA.

18. On March 27, 2014, Mr. Edelman submitted a request for the following information pertaining: emails, letters to/from Empire State Realty Trust, Inc. and/or Malkin Holdings, their representatives, and the SEC; emails, letters, and notes from meetings/phone conversations from/to SEC FOIA office and other SEC departments concerning any and all FOIA requests for Empire State Realty Trust; emails and notes from meetings/phone conversations from/to SEC Division of Corporate Finance that mention any FOIA requests for Empire State Realty Trust and/or Malkin Holdings. SEC acknowledged receipt of this request for emails related to ESRT on March 27, 2014, broke the request into four separate requests, and designated the requests Nos. 14-06366-FOIA through 14-06369.

19. On April 4, 2014, Mr. Edelman submitted a request for the following information pertaining to ESRT: Letters, emails to the SEC or notes from meetings or phone calls with the SEC from any government official other than SEC employees concerning Empire State Realty

Trust, Inc., elected officials or not, Federal, State or any other Government official.  SEC acknowledged receipt of this request for intra-governmental communications concerning ESRT on April 4, 2014, and designated the request No. 14-06652-FOIA.

20.     Pursuant to 17 CFR § 200.80(d)(5), a response to each of Mr. Edelman's requests was due within 20 business days.  As provided by 17 CFR § 200.80(d)(6), the SEC's failure to respond within the time allowed constitutes a denial of each request.

21.     The SEC failed to respond within the time allowed to any of the six requests, and delays have extended for up to six months without resolution.  These extraordinary delays have been unexplained.

22.     To date, and despite repeated requests from Mr. Edelman to obtain a response to his requests, the SEC has failed to produce the requested documents or to provide a response that adequately explains the agency's failure to produce the requested information.

23.     Mr. Edelman filed a timely appeal to the Office of Freedom of Information and Privacy Act Operations with respect to each of his requests, noting in each case that the failure to respond within the time prescribed by SEC's own regulations constituted a denial of his requests.  In each case, the SEC acknowledged receipt of the appeal.

24.     Pursuant to 17 CFR § 200.80(d)(6), a decision on an appeal is due within 20 business days of the receipt of the appeal.

25.     In response to the fourth request, No. 14-03452-FOIA, which covers consumer complaints about ESRT and interviews by SEC staff lawyers of persons who had filed complaints (paragraph 16 above), Mr. Edelman received a written response following his appeal.  As noted in his appeal, a response to the initial request was due on February 13, 2014.  The appeal was filed on March 26, 2014.  On April 30, 2014, some 75 days late, the SEC issued a

"*Glomar*" response to this request, which essentially refuses to answer the request on the grounds that an investigation may or may not be underway.  A copy of the *Glomar* response is attached as Exhibit A.  Mr. Edelman then filed a second appeal of the *Glomar* response, which SEC acknowledged on June 3, 2014.

26.     In response to three of the appeals, the SEC's Office of General Counsel on April 30, 2014, remanded the requests to the responsible agency official.  Remands were made with respect to the requests for communications with ESRT (No. 14-03043), communications regarding the ESBA Sublease (No. 14-03257), and submissions received from ESRT deemed confidential (No. 14-03398).

27.     No further response from SEC has been received regarding the three requests remanded on April 30, 2014, and more than twenty days has run since the remands were made.

28.     With respect to the request for communications between the SEC and other government offices (No. 14-06652), the SEC General Counsel on June 3, 2014, acknowledged that the failure to timely respond constituted a denial of the request, and indicated that he had instructed the FOIA Officer to process the request as expeditiously as possible.

29.     With respect to the second appeal of the *Glomar* response, the SEC General Counsel issued a remand on July 2, 2014.  After having endured two administrative appeals, it is inappropriate to expect a person making a FOIA request to await yet a third agency assessment before concluding that administrative remedies have been exhausted.  The SEC cannot be permitted to withhold information indefinitely by resorting to repeated administrative remands followed by repeated administrative appeals.

## CAUSE OF ACTION

30.     Plaintiff realleges paragraphs 1-27.

31. The FOIA is a broad public disclosure statute. Agencies are directed to implement the FOIA by publishing certain types of records. They are also directed to adopt regulations describing the information they maintain and providing procedures for the public to access their records. Section 552(a) of the FOIA requires government agencies to promptly make available to any person upon request the records it maintains, unless the agency finds that the requested information falls into one or more of the nine exemptions listed in Section 552(b) of the Act. Agencies are required by Section 552(a)(6)(A) to respond to FOIA requests within ten days and are required to fully explain any determination to withhold information. Section 552(a)(6)(B) allows an agency to extend the ten day response time by an additional ten days. Appeals of agency denials to the head of the agency are to be concluded in twenty days.

32. Section 552(a)(4)(B) of the FOIA provides for expedited judicial review of any failure to comply with the Act, and the assessment of attorney's fees and potential penalties against an agency that violates the Act.

33. Defendant's failure to produce the requested records within the time allowed by the FOIA and the SEC's own regulations constitutes six separate violations of the FOIA.

34. The SEC's failure to provide any response or explanation to four of the six requests constitutes four additional violations of the FOIA. Its responses to the two requests for which tardy explanations were given also do not comply with the Act's requirements.

35. The SEC's unjustified delays are exceptionally egregious. For example, a response to the first request (No. 14-03043) was due on February 4, 2014, the failure to respond was appealed on March 26, 2014, the matter was remanded on April 30, 2014, and still no response has been received after six months. A similar pattern of unexplained failure to respond, appeal, remand, and continued failure to respond was repeated with respect to the second request, No. 14-03257.

A response to the third request, No. 14-03398, was due on February 10, 2014, and, following an appeal for failure to respond on time, the agency provided on April 29, 2014—78 days after a response was due—a determination that the SEC did not have any records within the scope of the request.  No response has been received for four of the six requests despite lengthy delays and appeals to the agency head.

36.     The SEC's *Glomar* response to Request No. 14-03452 does not comply with the FOIA.  A *Glomar* response is not a magic wand that can be waved to afford an exemption from the FOIA whenever the agency decides that disclosure of documents might be entitled to one or more FOIA exemptions.  Rather, if an agency contends that even acknowledgement of the existence of requested records would impair its official functions, it must identify the function that would be impaired and explain how the release of the requested information would impair that function.  As explained in <u>People for the Ethical Treatment of Animals v. Nat'l Insts. of Health,</u> D. C. Cir. No. 12-5183, Slip Op. at 7 (D.C. Cir. 2014), when an agency invokes a *Glomar* defense it must still provide "reasonable specificity of detail rather than merely conclusory statements" to justify the response. *Citing* <u>Elec. Privacy Info. Ctr. v. Nat'l Sec. Agency</u>, 678 F.3d 926, 931 (D.C. Cir. 2012).  If there are categories of documents within the scope of a request for which a *Glomar* response is inappropriate, then the agency must separate those documents and make them available and explain why other documents are withheld.  In issuing its *Glomar* response, the SEC has ignored these requirements.

37.     Mr. Edelman has fully exhausted his administrative remedies with respect to each of the six requests.

      **WHEREFORE**, plaintiff prays that this Court:

      (1)     Declare that Defendant has violated the FOIA by failing to produce the requested documents to Plaintiff;

(2)     Order the Defendant to make all of the requested records promptly available to Plaintiff;

(3)     To the extent the Court finds that any of the requested records is subject to an exemption, order the Defendant to produce reasonably segregable records or portions of records and to provide an adequate explanation of the basis for its decision not to disclose the withheld information;

(4)     Award Plaintiff his costs and reasonable attorneys' fees incurred in this action; and

(6)     Grant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

John Wyeth Griggs, DC Bar No. 185426
Debra B. Adler, DC Bar No. 422639
Griggs & Adler, P.C.
12020 Sunrise Valley Drive, Ste. 100
Reston, VA 20191
(703)860-6315
FAX (703)716-2865
griggsandadler@comcast.net