**UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| RICHARD EDELMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case: 1:14-cv-1140 (RDM) |
| ) | Assigned: Moss, Randolph D. |
| SECURITIES AND EXCHANGE ) | Description: FOIA |
| COMMISSION, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## DECLARATION OF PATTI DENNIS

I, Patti Dennis, declare as follows:

1.      I am the Chief of the Office of Disclosure Support for the Division of Corporation Finance ("CF") of the United States Securities and Exchange Commission ("SEC"). In this position, which I have held since September, 2007, one of my duties is processing FOIA requests directed to CF. That duty includes working with the SEC's Office of Freedom of Information Act Services ("FOIA Office") of the when the FOIA Office has FOIA requests that involve CF.

2.      In making this declaration, I have relied on my personal knowledge, or where my personal knowledge was lacking or incomplete, I have relied on my review of files that CF routinely maintains in the ordinary course of its business to assure the accuracy of this declaration to the best of my information and belief.

discussed. I understand and expect the names of investors to be redacted to protect confidentiality.

5.      The FOIA Office asked me to search for any documents that could be responsive to these FOIA requests. I conducted the search for responsive documents for both of these requests simultaneously. I searched non-public EDGAR to locate any submissions that were provided pursuant to Rule 83. I also contacted CF attorneys David Orlic, Tom Kluck, and Angela McHale and asked them to search their paper and electronic files for any documents responsive to these requests. These three attorneys searched their paper files and computer drives for any responsive documents to these requests. They did not, however, search their email files because the FOIA Office asked the Office of Information Technology ("OIT") to search for emails.

6.      I received over 5000 pages of documents potentially responsive to items d. and e. of Request 14-03043 and items a. and b. of Request 14-03452 from OIT and from attorneys Orlic, Kluck, and McHale. After reviewing by hand and removing documents that were duplicative and nonresponsive,[1] I submitted 1,961 pages of emails, 47 pages of notes, 24 pages of meeting logs, and a two-page memo to the FOIA Office for production in this request.

7.      Attorneys Orlic, Kluck and McHale also had 113 pages of notes that were not produced because these documents were not agency records.

---

[1] The non-responsive emails consisted mainly of auto-generated notices from databases regarding filings and news articles, automatic out-of-office emails generated by the email system when someone is out on leave, and administrative emails to set up telephone calls.

**FOIA Request 14-03257**

8.      On January 8, 2014, Mr. Edelman submitted a request that was designated No. 14-03257 for the following information pertaining to the Sublease between the Empire State Building Associates ("ESBA") and Empire State Building Company ("ESBC"):

    a.      all information or communications between SEC employees and Empire State Building Associates LLC or Empire State Realty Trust, Inc. and their representatives from 1/12/12 to 4/11/12 in which the Sublease for the Empire State Building ("ESB") is mentioned, including any and all emails from or to Mary Kosterlitz, Office of Enforcement Liaison, Tom Kluck, Division of Corporate Finance, or any other SEC employee in which the ESB Sublease is mentioned;

    b.      any notes from SEC meetings where the Sublease to the Empire State Building is mentioned;

    c.      any notes from phone conversations or correspondence of any nature between the SEC and Empire State Building Associates LLC, Empire State Realty Trust LLC, or their representatives where the Sublease for the Empire State Building is mentioned;

    d.      any and all exhibits filed by Empire State Building Associates LLC or Empire State Realty Trust LLC that reference the Sublease of the Empire State Building;

    e.      all submissions from Empire State Building Associates LLC or Empire State Realty Trust, Inc. submitted under Rule 83 that mention the words Sublease or Lease to the Empire State Building.

4

9.     The FOIA Office asked me to search for any documents responsive to this Request. I initially coordinated a search for emails responsive to item a. To determine whose emails should be searched, I contacted staff responsible for ESRT matters and obtained the names of staff who were directly and tangentially involved in the filing review. I provided the list of names to the FOIA Office and asked them to have OIT search those individuals' emails for the period of January 10, 2012 to June 1, 2012 for every email that contained the key words "Empire State" and "sublease." I have been informed that OIT searched the emails by searching for "Empire" or "Empire State" or "sublease." Following the email search, the FOIA Office provided me with the emails that OIT found. I reviewed the emails to eliminate duplicates. There were approximately 862 unique emails. I began reviewing the substance of the individual emails and found that the documents that did not contain the term "sublease" were outside the scope of the search request. I then conducted a word search for the term "sublease" which resulted in 25 responsive emails with a total of 215 pages of documents. These documents were responsive to item a. of Request 14-03257.

10.     To locate documents responsive to items b. and c. of Request 14-03257, I contacted the CF staff responsible for ESRT review and asked them to provide all responsive documents. They provided a log that they created to track and share information among the CF staff who worked on this issue. CF staff used this log to record their notes from meetings and phone conversations. I conducted a word search of the log for the term "lease" and "sublease" and found no responsive entries.

11.     With respect to item d. of Request 14-03257, I determined that any exhibits referencing the Sublease were public documents available on the SEC's website.

5

12.    To locate documents responsive to item e. of Request 14-03257, I searched non-public EDGAR to locate any submissions that were provided pursuant to Rule 83 regarding the Sublease or Lease.  I determined that there were no responsive documents in response to item e.

13.    After I finished my review, I provided the 215 pages responsive to item a. to the FOIA Office, informed them that there were no documents responsive to items b., c., and e., and informed them that all documents responsive to item d. were on the SEC's website.

### FOIA Request 14-03398

14.    On January 10, 2014, Mr. Edelman submitted a request designated by the FOIA Office as No. 14-03398 for the following information pertaining to ESRT:   a list of any and all documents submitted by the registrant and granted confidential treatment under Rule 406 of the Securities Act, Rule 24b-2 of the Exchange Act, or Rule 83 of the Commission's Rules of Practice.  The request also asked for the date each such document was submitted to the SEC, the subject of each document, and the name of the SEC official granting confidential treatment.

15.    The FOIA Office contacted me regarding the request for documents under Rules 406, 24b-2 and 83.  I searched our Confidential Treatment Request database where we record the receipt, processing, and disposition of confidential treatment requests submitted pursuant to Rules 406 and 24b-2.  I also searched non-public EDGAR where we retain confidential treatment requests submitted pursuant to Rule 83 for these documents.   I informed the FOIA Office that there were no responsive documents in response to this request.

### FOIA Requests 14-06366, 14-06367, 14-06368 and14-06369

16.    On March 27, 2014, Mr. Edelman submitted a request designated by the FOIA Office as No. 14-06366 for the following information:

a.    emails, letters to/from Empire State Realty Trust, Inc. and/or Malkin Holdings, their representatives, and the SEC; emails, letters, and notes from meetings/phone conversations from/to SEC FOIA office and other SEC departments concerning any and all FOIA requests for Empire State Realty Trust;

b.    emails and notes from meetings/phone conversations from/to SEC Division of Corporate Finance that mention any FOIA requests for Empire State Realty Trust and/or Malkin Holdings.

17.    On April 17, 2014, the FOIA Office separated request No. 14-06366 into four separate requests, and designated the requests as follows:

a.    Emails, letters to/from ESRT, Inc., or their representatives and the SEC as 14-06366;

b.    Emails, letters to/from Malkin Holdings, or their representatives, and the SEC as 14-06367;

c.    Communications about FOIA requests for Malkin Holdings as 14-06368; and

d.    Communications about FOIA requests for Malkin Holdings as 14-06369.

The FOIA Office asked me to search for any documents responsive to Requests 14-06366 and 14-06367. I contacted the relevant CF staff (Orlic, Kluck and McHale) who then searched their records, including emails, for any responsive documents. As a result of this search, we located one 2 page email that was responsive to request 14-06366, but Ms. McHale recommended that OIT search her emails to verify there were not additional documents. I provided the responsive

7

document to the FOIA Office, recommended that they have OIT search Ms. McHale's email, and informed the FOIA Office that I did not locate any documents responsive to request 14-06367.

### FOIA Request 14-06652

18.     On April 4, 2014, Mr. Edelman submitted a request designated by the FOIA Office as No. 14-06652 for the following information pertaining to ESRT:   Letters, emails to the SEC or notes from meetings or phone calls with the SEC from any government official other than SEC employees concerning Empire State Realty Trust, Inc., elected officials or not, Federal, State or any other Government official.

19.     The FOIA Office referred this request to me and I searched 2,190 email records provided by the FOIA Office and the log created to track and share information among filing review staff.  I also contacted Orlic, Kluck and McHale and asked them to search for responsive documents.  I informed the FOIA Office that I did not locate any documents responsive to this request.

### FOIA EXEMPTIONS

20.     In some of the documents that were produced to the FOIA Office for production in response to Edelman's FOIA requests, I recommended that the FOIA Office assert FOIA exemption 5, 5 U.S.C. §552(b)(5), and withhold certain portions of these documents under the deliberative process privilege.  Those portions contained deliberative material and were predecisional.  I believe that if any of these withheld materials were made public, the chilling effect on future predecisional discussion and debate would harm the SEC's internal deliberative process.

21.     In some of the documents that were produced to the FOIA Office for production in response to Edelman's FOIA requests, I recommended that the FOIA Office assert FOIA

exemption 6, 5 U.S.C. §552(b)(6), and withhold names and other personal identifying

information such as email addresses and phone numbers. I believe that if any of this information

was made public, the privacy interests of these people would be harmed.

I declare under penalty of perjury that the forgoing is true and correct.

Executed on January 15, 2015.


Patti Dennis
Chief of the Office of Disclosure Support
Division of Corporate Finance
Securities and Exchange Commission

9