**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

RICHARD EDELMAN, )
)
Plaintiff, )
)
v. ) Civil Action No. 14-1140 (RDM)
)
SECURITIES AND EXCHANGE , )
COMMISSION, )
)
Defendant. )
)

**PLAINTIFF'S STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT OF HIS CROSS-MOTION FOR SUMMARY JUDGMENT AND OPPOSITION TO DEFENDANT'S RENEWED MOTION FOR SUMMARY JUDGMENT**

In this FOIA action, Plaintiff Richard Edelman ("Edelman") seeks records maintained by the Securities and Exchange Commission ("SEC). Defendant has now renewed its motion for summary judgment because they claim that any documents not released may be withheld pursuant to FOIA Exemptions 5, and 6. However, as will be demonstrated below, Defendant is not entitled to summary judgment on many of their exemption claims or its search for responsive documents. Defendant's renewed motion for summary judgment should be denied, and Plaintiff's cross-motion for summary judgment should be granted.

**BACKGROUND**

On July 3, 2014, Plaintiff Richard Edelman filed a complaint in the above-captioned case concerning six FOIA requests filed with Defendant SEC. After extensive briefing on the matter that resulted in the release of thousands of pages of documents, this Court granted summary judgment to Defendant on all but two of the Plaintiff's requests. Court Order of March 24, 2016 [Dkt. No. 25]. On two of the requests the Court Ordered the SEC to search for and process additional documents. Namely, Defendant SEC was ordered to "(a) search and index the 113

pages of attorney notes it initially located and (b) search for any records that are responsive to Edelman's fourth request, construed as a request for 'consumer complaints.'" Id. On April 24, 2016, Defendant SEC released additional documents on these two requests and filed its renewed motion for summary judgment. [Dkt. No. 26]. Defendant, however, as will be demonstrated below, has not conducted an adequate search for additional documents pertaining to the consumer complaints sought in Plaintiff Edelman's Fourth request nor has it adequately justified the withholding of certain information pursuant to FOIA Exemptions 5, and 6.

**DEFENDANT SEC HAS NOT CONDUCTED AN ADEQUATE SEARCH**

This Circuit has consistently held that in order to meet its burden of an adequate FOIA search, an "agency must demonstrate that it has conducted a 'search reasonably calculated to uncover all relevant documents.'" *Weisberg v. U.S. Department of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984) (quoting *Weisberg v. Department of Justice,* 705 F.2d 1344, 1350-51 (D.C. Cir. 1983). An agency must demonstrate "beyond material doubt that its search was reasonably calculated to uncover all relevant documents." *Valencia-Lucena v. United States Coast Guard*, 180 F.3d 321, 325 (D.C. Cir. 1999). Defendant fails to meet this burden.

In its Order dated March 24, 2016, Defendant SEC was ordered to search for all "consumer complaints" responsive to Edelman's Fourth request. [Dkt. No. 25]. In searching for this material, the SEC decided to only search its "Sharepoint database" for this material. Declaration of John J. Livornese dated April 25, 2016, ¶4. The SEC only searched this database because FOIA staff was informed by Division of Corporation Finance staff that all of these responsive documents were supposed to have been uploaded to this database. *Id*.

A number of individuals who submitted complaints to the SEC have reviewed the material released by the SEC. According to these individuals, their complaints were not located

and released by the SEC. See Declaration of Cynthia Gaskill dated July 11, 2016 attached as Exhibit A; Declaration of Dan Cantor dated July 9, 2016 attached as Exhbit B; Declaration of Danielle R. Otterson dated July 5, 2016 attached as Exhibit C; Declaration of Leonard A. Gero dated July 11, 2016 attached as Exhibit D; Declaration of Margo Jensen dated July 11, 2016 attached as Exhibit E; Declaration of Mark Esses dated July 8, 2016 attached as Exhibit F; Declaration of Peter Benjamin dated July 11, 2016 attached as Exhibit G, and Declaration of Joyce Manheimer dated July 18, 2016 attached as Exhibit J. Many of these individuals state that they were subsequently interviewed by the SEC. See Gaskill Decl. (Exhibit A)"I was interviewed by the SEC on more than one occasion." Benjamin Decl. (Exhibit G) "On at least three occasions I was interviewed by SEC attorneys" Thus, as plaintiff demonstrates in these declarations, many consumer complaints responsive to the request were not located by the SEC rendering the SEC's search as inadequate. The SEC did not have individual staff of the Division of Corporation Finance search their paper files, nor did the SEC search its email system for any responsive records. Most importantly, the SEC attorneys who worked on the transaction and interviewed those individuals submitting complaints were not asked to search their files, nor were their emails searched[1]. It is possible that certain complaints were taken out of the searched system and placed in other files when the SEC interviewed the individuals as part of their process of reviewing the transaction. However, the search described by the SEC would not account for these missing complaints.

This failure to search for these records in other locations and the fact that the plaintiff has demonstrated that records exist demonstrate that the SEC failed to conduct a search that "was

[1] Upon information and belief, one attorney assigned to this matter has left the SEC. There is no indication that any staff searched the files of this attorney, or any other SEC staff that has since departed the agency.

reasonably calculated to uncover all relevant documents." *Valencia-Lucena v. United States Coast Guard*, 180 F.3d 321, 325 (D.C. Cir. 1999).

**DEFENDANT HAS NOT ESTABLISHED THAT EXEMPTION 5 APPLIES**

Defendant SEC has redacted a number of pages in full or in part pursuant to FOIA Exemption 5 invoking the deliberative process privilege. The deliberative process privilege protects pre-decisional and deliberative records. See *Judicial Watch v. FDA*, 449 F.3d 141, 151 (D.C. Cir. 2006); *Coastal States Gas Corp. v. DOE*, 617 F.2d 854, 866 (D.C. Cir. 1980). There are three longstanding purposes that constitute the bases for the deliberative process privilege: (1) to encourage open, frank discussions on matters of policy between subordinates and superiors; (2) to protect against premature disclosure of proposed policies before they are actually adopted; and (3) to protect against public confusion that might result from disclosure of reasons and rationales that were not in fact ultimately the grounds for an agency's action. See, e.g., *Russell v. Dep't of the Air Force*, 682 F.2d 1045, 1048 (D.C. Cir. 1982); *Coastal States*, 617 F.2d 854 at 866.

The SEC has not established that the deliberative process privilege applies in the instances it has invoked them in this case. Initially, the SEC has failed to identify the actual deliberative process or processes it is attempting to protect. In order to properly invoke the privilege, agencies must demonstrate "what deliberative process is involved, and the role played by the documents in issue in the course of that process." *Coastal States*, 617 F.2d 854, at 868; see also *Animal Legal Def. Fund, Inc. v. Dep't of the Air Force*, 44 F. Supp. 2d 295, 299 (D.D.C. 1999) (agency failed to establish what role withheld documents played in policy formulation process) While the withheld documents may appear to involve the SEC's decisions on the transaction that the underlying FOIA requests concern, it cannot be imputed by the Court

that they are. Without a positive identification of the process from the SEC on what deliberation or deliberations the documents pertain to, the SEC has failed to establish that the deliberative process privilege applies and the material is not appropriate for Exemption 5 protection.

Next, the SEC withheld many of the pages in full even though factual material in an otherwise pre-decisional document is not protected pursuant to the deliberative process privilege. See *Coastal States Gas Corp. v. Department of Energy*, 617 F.2d 854, 867 (D.C. Cir. 1982). Thus, any facts, included in these documents are not properly withholdable under the privilege, and would need to be segregated from any truly deliberative material.

It also appears that many of the withholdings are not actual deliberations but comments made by SEC staffers about the complainants themselves. Exemption 5 provides no protection, however, from information simply because it would cause embarrassment or place the agency in a bad light. 5 U.S.C. § 552; President's Memorandum on the FOIA dated January 21, 2009 ("[t]he Government should not keep information confidential merely because public officials might be embarrassed . . .).

Due to the Defendant's failure to describe what processes the withheld documents pertain to and the fact that they withhold certain material that appears to be factual and likely nothing more than embarrassing to the SEC, Plaintiff seeks this Court to review this material *in camera*. *In Camera* review of the documents by a court is within the court's discretion in situations like the one in this case where the agency's declaration is insufficiently detailed to allow for meaningful review. See *Spirko v. USPS*, 147 F.3d 992, 997 (D.C. Cir. 1998).

**DEFENDANT HAS NOT ESTABLISHED THAT EXEMPTION 6 APPLIES**

Defendant SEC withholds the identities of those making complaints to it about the proposed transaction pursuant to FOIA exemption 6. The SEC claims that these individuals have

a privacy interest in their identities and that because there is no public interest in their identities, the information may be withheld pursuant to FOIA Exemption 6. Defendant's Memorandum of Law in Support of its Renewed Motion for Summary Judgment at 10-15 [Dkt. No. 26].

The SEC's analysis concerning these withholdings is clearly incorrect. While these people do have a privacy interest in their identities and certain identifying information, it is not as strong as contended by the SEC. The documents themselves lessen these privacy interests. First, the documents concern a commercial transaction, not a personal issue. As such, one can assume that many, if not all of the communications are from investors or those acting on behalf of investors. Communications with the government concerning commercial transactions have lessened privacy interests. *Washington Post Co. v. USDA*, 943 F. Supp. 31, 34-36 (D.D.C. 1996) (farmers receiving cotton subsidy payments have minimal privacy interests in home addresses where those addresses are used as business locations), *Or. Natural Desert Ass'n v. U.S. Department of the Interior*, 24 F. Supp. 2d 1088, 1089 (D. Or. 1998) (diminished expectation of privacy in names where related to commercial interests). Additionally, the documents themselves indicate that certain of the individuals are waiving their privacy interests in these documents. They make statements that their views are meant for the public. See Bates Stamp Documents 746-748, 752-753 attached as Exhibit H (letters sent to all participants in investment). Individuals who actually submitted complaints were willing to state that they made complaints (even though many of their complaints were not located by the SEC) as part of this litigation thereby lessening their privacy interests. <u>See</u> Exhibits A-G. Thus, these documents indicate a lessened privacy interest that the SEC did not consider in withholding these

documents. Finally, some information released in some documents and withheld in others indicate that not all of the withholdings are proper[2].

The SEC failed to find (or failed to look for) a public interest in the identity of these individuals. A public interest in material in FOIA is generally considered by looking at the information and determining whether its release "'would shed light on an agency's performance of its statutory duties' or otherwise let citizens 'know what their government is up to.'" *DOD v. FLRA*, 510 U.S. 487, 497 (1994) quoting *U.S. Dep't of Justice v. Reporters Comm. For Freedom of the Press*, 489 U.S.749, 773 (19898). Who communicated to the government, who the government communicated with, and if the government took these comments into consideration in reaching a decision on the transaction clearly meets the requirement of being in the public interest. This public interest balanced against the lessened privacy rights of the identities of the individuals was not done by the SEC. When properly done, the balancing indicates that the identities of those submitting comments to the SEC are not protected pursuant to Exemption 6 of the FOIA.

[2] The SEC released the identity of Alan L. Kovaks, who had filed a lawsuit against the proposed transaction on correspondence with the SEC but withheld it on the very same document. See Bates Stamp Number 484, attached as Exhibit I.

**CONCLUSION**

Despite Defendant's assertions, Plaintiff has demonstrated that the search for consumer complaints is not adequate. Further, Defendant has not adequately established that its use of Exemptions 5 and 6 of the FOIA were proper in this instance. As such, summary judgment should not be granted for Defendant, Plaintiff's cross-motion should be granted and Defendant should be instructed to search again for the responsive records, and release additional material to Plaintiff.

Respectfully submitted,

/S/
______________________________
Scott A. Hodes (D.C. Bar 430375)
P.O. Box 42002
Washington, D.C. 20015
Phone: (301) 404-0502
Fax: (413) 641-2833

Dated: July 25, 2016

Attorney for Plaintiff