UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RICHARD EDELMAN,            )
                            )
        Plaintiff,          )
                            )
    v.                      )   Civil Action No. 14-1140 (RDM)
                            )
SECURITIES AND EXCHANGE   , )
COMMISSION,                 )
                            )
        Defendant.          )
_____)

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S
CROSS-MOTION FOR SUMMARY JUDGMENT**

In its opposition to Plaintiff Richard Edelman's ("Edelman") cross-motion for summary judgment, the Security and Exchange Commission ("SEC") argues three things: 1.) Notwithstanding Plaintiff's arguments, it's search was adequate; 2.) It has adequately justified the material protected pursuant to Exemption 5 and 3.) It has adequately justified the material protected pursuant to Exemption 6.  As previously demonstrated, however, Defendant is not entitled to summary judgment and its renewed motion for summary judgment should be denied. Plaintiff's cross-motion for summary judgment should be granted.

Initially, Defendant claims that its search for responsive records was adequate.  This Circuit has consistently held that in order to meet its burden of an adequate FOIA search, an "agency must demonstrate that it has conducted a 'search reasonably calculated to uncover all relevant documents.'" *Weisberg v. U.S. Department of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984) (quoting *Weisberg v. Department of Justice*, 705 F.2d 1344, 1350-51 (D.C. Cir. 1983).  An agency must demonstrate "beyond material doubt that its search was reasonably calculated to

uncover all relevant documents." *Valencia-Lucena v. United States Coast Guard*, 180 F.3d 321, 325 (D.C. Cir. 1999). Defendant continues to fail to meet this burden.

The SEC argues that "oral" complaints were not part of the required search because they had already been released in prior productions. Defendant's Reply at 3 [Dkt. No. 30]. However, the Court's Order of March 24, 2016 [Dkt. No. 25] did not limit the search for consumer complaints to only those made in writing. Nor did the SEC ever previously claim that "oral" complaints had been previously released. In fact, the SEC doesn't claim that they were previously released in its opposition – it merely says that gathered "notes, reports, emails or any other accounts from . . . interviews with investors" and "notes, reports, emails or any other accounts from the . . . SEC lawyers where those complaints and interviews are discussed." Id. The SEC doesn't ever affirmatively describe what happened to any transcriptions of phone calls from those complaining that were not considered "interviews" as not every phone call with someone lodging a complaint has ever been defined as an interview by the SEC.[1] Further, phone logs of complaints by investors are also not the same as a transcription of a complaint made over the phone.

The SEC attacks the declarations provided by those who claim they made complaints but that their complaints were not released. The SEC claims that all of those individuals' complaints were indeed released. Id. at 3-4. However, when taken into consideration with the definition of a complaint provided by the SEC and discussed above, it is possible that oral complaints from these individuals were never searched for.

---

[1] The SEC had the opportunity to affirmatively state this but declined to do so as it, on its own, provided the Declaration of Samuel T. Kluck dated August 24, 2016 [Dkt. No. 30-2]. Kluck declares that he "received many . . . phone calls. . . from investors" but does not state what happened to the transcriptions of these phone calls and what he, or his associates did with them.

Finally, the SEC here insists that it has now searched the emails of the staff members responsible for the ESRT review.  Id. at 4.  The SEC, however, never describes a detailed search of the email system nor does it describe how long emails are retained in the system itself.  The SEC's conclusory statement of searching the emails, like the entire search itself, is not adequate enough to merit summary judgment.  These omissions in the SEC's search demonstrate that the SEC failed to conduct a search that "was reasonably calculated to uncover all relevant documents."  *Valencia-Lucena v. United States Coast Guard*, 180 F.3d 321, 325 (D.C. Cir. 1999).

The SEC next attempts to repair the problems pointed out previously by Plaintiff in the SEC's use of Exemption 5 of the FOIA and the deliberative process privilege.  Defendant's Reply at 5-7.  The SEC acknowledges the correctness of Plaintiff's argument that it failed to properly justify the privilege in its original *Vaughn* index  as it introduced a supplemental index that it believes "identified the deliberative process the SEC was protecting" in each instance.  Id. at 5.

Unfortunately for the SEC, it has still failed to establish that the deliberative process privilege applies in the instances it has invoked them in this case. The phrases entered into the supplemental *Vaughn* index does not demonstrate "what deliberative process is involved, and the role played by the documents in issue in the course of that process."  *Coastal States Gas Corp., v. Dep't of Energy,*, 617 F.2d 854, 868 (D.C. Cir. 1980) see also *Animal Legal Def. Fund, Inc. v. Dep't of the Air Force*, 44 F. Supp. 2d 295, 299 (D.D.C. 1999) (agency failed to establish what role withheld documents played in policy formulation process).  The phrases added by the SEC only discuss a type of action the documents were part of, not a role played within a policy formulation process or what the actual deliberations the documents themselves were involved

with.  There is a difference between an action taken by SEC staff and a pre-decision deliberation that is part of a deliberative process.  The SEC's conclusory statements fail to establish that all of the withholdings under the deliberative process privilege were part of a deliberative process.

Further, the SEC fails to establish that it conducted a foreseeable harm analysis on these records as now required by the FOIA Improvement Act of 2016.  If this material were to properly be withheld under Exemption 5, the SEC would still be required to conduct a foreseeable harm analysis and consider a discretionary disclosure of this information.  5 U.S.C. § 552(a)(8)(A) (Public Law No. 114-185).  This has not been done even though required by the FOIA.

Plaintiff continues to believe that due to the Defendant's failure to describe what processes the withheld documents pertain to and now, the fact that they have failed to conduct an adequate foreseeable harm analysis on this information summary judgment for the government is inappropriate.  Furthermore, this Court is well within its rights and may review this material *in camera*.  See *Spirko v. USPS*, 147 F.3d 992, 997 (D.C. Cir. 1998).

Finally, Defendant SEC continues to argue that it properly withheld the identities of those making complaints to it about the proposed transaction pursuant to FOIA exemption 6.  Defendant's Reply at 7-10.  Initially, the SEC claims it had permission to withhold this information by the contours of Plaintiff's original FOIA request.  Id. at 7.  Unfortunately, for the SEC this statement by Plaintiff was made well before he discovered that the SEC would cause undue delay in receiving the requested information and that the way the information was released made it difficult to see what the scope of the complaints to the SEC actually were.

Next, the SEC continues to overweigh the privacy interests in this information.  The SEC's analysis states that there is no lessening of the privacy interests because some of those

making complaints stated that they feared harassment if their identities were released. Id. at 9-10. However, not all of those who made complaints aired this concern, and as demonstrated in the declarations attached to Plaintiff's cross-motion, many of those complaining feel that the complaints were made for public consumption. Thus, in many cases, the threat of harassment was not a factor and Defendant's categorical use of it in the balancing is incorrect.

Finally, Defendant continues to belittle the public interest in this information. In finding no public interest, Defendant says it is Plaintiff who must demonstrate one and must "explain how knowing the names of the people who communicated with the government 'would shed light on an agency's performance of its statutory duties.'" Id. at 10. Simply put, the release of this information would clearly shed light on the SEC's performance of its duties. The release of who the government communicated with and if they took those communications seriously goes straight to the heart of shedding light on the SEC's duties. As such, there is a public interest in the information, even if the SEC wants to deny that there is. This public interest balanced against the lessened privacy rights of the identities of many of the individuals was not correctly conducted by the SEC. When properly done, the balancing indicates that the identities of many of those submitting comments to the SEC are not protected pursuant to Exemption 6 of the FOIA.

## CONCLUSION

Despite Defendant's assertions, Plaintiff has demonstrated that the search for consumer complaints is not adequate. Further, Defendant has not adequately established that its use of Exemptions 5 and 6 of the FOIA were proper in this instance. As such, summary judgment should not be granted for Defendant, Plaintiff's cross-motion should be granted and Defendant

should be instructed to search again for the responsive records, and release additional material to Plaintiff.

                                Respectfully submitted,

                                /S/
                                _____
                                Scott A. Hodes (D.C. Bar 430375)
                                P.O. Box 42002
                                Washington, D.C.  20015
                                Phone: (301) 404-0502
                                Fax: (413) 641-2833

Dated:  September 6, 2016                Attorney for Plaintiff